IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFFREY SCOTT BRUETTE, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-00-2324 |
| | * | |
| MONTGOMERY COUNTY, | * | |
| MARYLAND, ET AL. | * | |
| | ***** | |

MEMORANDUM

This is an action that arises from plaintiffs' alleged unlawful arrest and prosecution. Plaintiffs assert claims under 42 U.S.C. § 1983, the Maryland Constitution, and various common law theories.

Defendant Alex Foster, an Assistant State's Attorney for Montgomery County, has filed motions to dismiss and for summary judgment. I previously denied these motions without prejudice to their being renewed after Foster was deposed. I entered this order after a scheduling conference with counsel in which it was informally agreed that this method of proceeding would be in the interest of justice and the orderly and expeditious progress of this litigation. Unfortunately, after the conference plaintiffs served interrogatories upon Foster that made it clear that the assumption upon which my earlier order was entered was mistaken. Whether the questions that plaintiffs propose to ask Foster are in the form of interrogatories or deposition questions, it is now clear that Foster is entitled to a ruling on his pending motions before discovery is taken from him.

Accordingly, Foster has filed a motion for reconsideration of my earlier ruling. I will grant the motion to reconsider and grant the motion to dismiss.

There are many detailed allegations made in the complaint. However, these allegations

involve defendants Birch and Inman. The only specific allegations made against Foster are as follows: "Detective Birch and Assistant Maryland State Attorney Alex Foster caused the Defendants to be arrested, charged, and jailed for several crimes," see ¶ 78(b), "Alex Foster refused to respond to discovery requests," see ¶ 78(e), "Alex Foster refused to respond to discovery requests," see ¶ 81(b).

The Federal Rules of Civil Procedure require only "notice pleading." However, it is not enough for a plaintiff simply to allege that a defendant has committed wrong with absolutely no facts whatsoever alleged to support this conclusory averment. See, e.g, Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998). This is particularly true under circumstances such as those presented here where, on their face, plaintiffs' allegations make it appear that Foster was acting within his official capacity and is entitled to various immunities. See, e.g., Imbler v. Pachtman, 424 U.S. 409 (1976).

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: *March 7, 2001*   _____
J. Frederick Motz
United States District Judge